GITTINGS v. RUSSEL.

(Supreme Court, Appellate Division, First Department.  July 12, 1906.)

1. DESCENT AND DISTRIBUTION—SURVIVING HUSBAND—SEPARATE ESTATE OF WIFE.

Where a married woman, possessed of a separate personal estate, dies without making a disposition of it during her lifetime or by will, the title thereto vests in the surviving husband, and is not affected by the granting of administration on her estate.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, §§ 158, 252.]

2. BANKS AND BANKING—TITLE TO DEPOSITS.

A deposit stood in the name of "Estate of K., W., Administrator." K. was the deceased wife of W.  *Held*, that the deposit belonged to W., as surviving husband, or, if the relation of debtor and creditor existed between the bank and any other person, the debt was in law one owing to the husband.

3. GARNISHMENT—LEVY—NOTICE—SUFFICIENCY.

A deposit with a trust company stood in the name of "Estate of K., W., Administrator."  The sheriff proceeded to levy, under a warrant of attachment in an action against W. individually on the moneys so deposited.  The notice served on the trust company stated that the sheriff was commanded to attach all the estate of W. in the hands of the company.  *Held*, that the levy was insufficient, though verbal information was given to one of the officers of the company that the fund sought to be attached was the money standing to the credit of the estate of K.

Appeal from Special Term, New York County.

Action by J. Evans Gittings against William H. Russel.  From an order (99 N. Y. Supp. 853) vacating a judgment on the ground that the court had not acquired jurisdiction to enter the judgment, plaintiff appeals.  Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

Henry M. Earle, for appellant.
Jacob T. Miller, for respondent.

PATTERSON, J.  The defendant was served with the summons herein by publication, and a warrant of attachment was procured against his property.  He was nonresident, and, not appearing in the action, judgment was entered against him by default.  By section 1217 of the Code of Civil Procedure, it is provided that a judgment shall not be entered in such case unless a levy has been made under an attachment.  On the application for judgment it appeared that on the 15th of March, 1905, the sheriff proceeded to levy, under a warrant of attachment issued in this action, upon moneys on deposit in the Trust Company of America, which moneys stood on the books of that company in an account entitled "Estate of Kate B. Russel, William H. Russel, Administrator."  Kate B. Russel was the deceased wife of William H. Russel, the defendant herein.  The moneys so on deposit were payable only when a check therefor was drawn on the trust company, countersigned by the National Surety Company.  The sheriff served upon the trust company a notice and a copy of the warrant of

attachment.   In the notice it is stated that the sheriff was commanded to attach all estate, real and personal, including money of the defendant, and to take into custody all property of the defendant then in the hands of the trust company, or which might come into its possession or under its control.   Debts due the defendant were also attached.   The notice contained a demand that the trust company deliver to the sheriff all such moneys, etc., and that the trust company furnish a certificate, as required by the Code of Civil Procedure.   The trust company certified that it had no moneys or property of the defendant.   After the judgment was entered, the defendant moved to vacate it, and that motion was granted.   This appeal is taken from the order entered thereupon.

The question is, whether an effective levy was made.   Its solution depends, in the first instance, upon the ownership of the moneys on deposit in the trust company, or of the debt of that company to the depositor.   At the time of the service of the notice by the sheriff, the moneys appeared by entries on the books of the trust company to be those of an estate of which the defendant was administrator, but thereafter, and on the 27th of March, 1905, the accounts of Russel, as administrator, were settled by the surrogate, and a decree was entered that Russel, as administrator, pay to himself, as sole beneficiary and next of kin, the sum of $18,623 remaining in his hands; but before the attachment was issued, and on the 13th of March, 1905, the surrogate decreed, in a proceeding imposing a transfer tax on the property of Mrs. Russel, that William H. Russel was her husband and the sole beneficiary of her estate.   When the accounts were settled and passed, and the decree of March 27, 1905, was made, the moneys still stood on the books of the trust company to the credit of the estate of which the defendant was administrator.   It is claimed by the appellant that the fund, notwithstanding it stood in the name of the estate of Kate B. Russel, was the property, and always since the death of Mrs. Russel had been the property, of the defendant; she having been his wife and having had no children, and therefore her husband was entitled to the whole of her personal estate, and that it vested in him immediately when she died, and that he was obliged to account to no one but himself.   But it is also conceded that the attachment, if effective, was of property or rights not capable of manual delivery.   It is undoubtedly the rule of the common law, which exists in this state, that where a married woman, possessed of separate personal estate, dies without having made disposition of it during her lifetime or by way of testamentary appointment, the title thereto vests in the surviving husband, and cannot be affected by the granting of administration upon her estate.   Robins v. McClure, 100 N. Y. 333, 3 N. E. 663, 53 Am. St. Rep. 184, and cases cited.   It seems that under the case cited the money or deposit belonged jure mariti to the defendant.   While it may have been within the reach of creditors, and subject to debts of the decedent, the right to his deceased wife's personal property was in the defendant.   But there were no debts of the wife, and it is immaterial whether the nominal title was in him individually or as administrator (Robins v. McClure, supra), so far as ownership is concerned.

We are of the opinion that the money on deposit in the trust com-

pany belonged to the defendant, or if the mere relation of debtor and creditor existed, as in the ordinary case of a depositor with a bank, that then the debt of the trust company to the depositor was in law one owing to the defendant. But the question remains of the effectiveness of the levy under the attachment served upon the trust company. The notice given does not contain a specification of any particular property belonging to the defendant. It does not, in terms or otherwise, point out that the money standing in the account to the credit of Mrs. Russel's estate is the property or money or claim or debt sought to be attached. But on the application for judgment it was made to appear that at the time the warrant of attachment was served upon the trust company its officer was informed that the plaintiff was seeking to attach the money on deposit to the credit of the Russel estate, and that the president of the company declared that the fund could not be attached; that it was not attachable, and that he would not recognize the attachment process. Nothing can be inferred in aid of the levy from the mere fact that verbal information was given to one of the officers of the trust company that the fund sought to be attached was the money standing to the credit of the Russel estate. The officers of the trust company were not obliged to look further than the notice to ascertain what property was sought to be attached; and, as said in Hayden v. National Bank, 130 N. Y. 149, 29 N. E. 144:

"It can be of no consequence what knowledge the holder of the attached property may have as to the particular property intended to be attached, unless such knowledge is derived from the notice by the statute to be served upon him; and, unless there is a substantial compliance with the statute, title to the property is not divested, and the holder thereof remains liable to the owner."

But it is true, also, that the notice need not contain a specification of the particular property sought to be attached when such property is incapable of manual delivery. In such a case a general notice of the sheriff that he attaches all property, debts, and effects, and all rights, etc., in the possession or under the control of the individual served, is sufficient. O'Brien v. Mechanics' & Traders' Fire Ins. Co., 56 N. Y. 52.

The notice served by the sheriff in the present case would have been ample and sufficient if the money on deposit or the debt of the trust company to the depositor had been in such a condition that from such notice itself the trust company could have identified it as belonging to the defendant, or as something in which he had a property right, or in which he was interested; but there was nothing whatever in the notice which could inform the trust company that the moneys contained in the account of the indebtedness represented by the account did belong to the defendant. That account not only stood upon the books of the company in the name of the estate, and as a fund belonging to an estate, but it was subject to withdrawal only by the representative of that estate and a third party having joint control over the moneys embraced in the account. From the form of the account the trust company could not have connected the defendant individually with the deposit. The trust company could not gather from the notice served knowledge of the right and title which by operation of law was conferred upon the defendant to his deceased wife's property, and was en-

titled to stand upon its apparent contract relationship to a depositor, until some notification was given to it in due legal form that the defendant in the attachment proceeding was the real owner of the deposit, or that the attaching creditor so claimed.

Under the peculiar facts of this case, we conclude that the notice served upon the trust company was insufficient, that an effective levy was not made, and that, therefore, the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

