STURDEE et al. v. CUBA EASTERN R. CO.

(Circuit Court of Appeals, Second Circuit. April 8, 1912.)

No. 160.

1. ATTACHMENT (§ 62*)—STATUTORY PROCEEDINGS—SUFFICIENCY.

One for whose account a cashier's check was drawn deposited it with a trust company to his credit, and delivered a check for the amount to a railroad company. Subsequently he assigned his account in the trust company to the extent of the fund to the railroad company. Thereafter a third person brought an action, and a notice of attachment was served on the railroad company and on the secretary and treasurer of the trust company. At that time the trust company had the amount of the check to the credit of the depositor without notice of any transfer of the fund, and the railroad company had the depositor's check for that amount, but the check was not attached. *Held* that, under Code Civ. Proc. N. Y. § 649, defining how property may be attached, the attachment of the property of the railroad company did not touch the fund, because the trust company could not pay out the fund except on the depositor's order.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 166; Dec. Dig. § 62.*]

2. BANKS AND BANKING (§ 315*)—KNOWLEDGE OF OFFICERS—NOTICE TO TRUST COMPANY.

The knowledge of an officer of a trust company of an assignment of a deposit will not be imputed to the company, where his connection with it did not relate to the receiving of deposits or crediting the same.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1219–1221; Dec. Dig. § 315.*]

Appeal from and in Error to the Circuit Court of the United States for the Southern District of New York.

Suit by Henry King Sturdee and another against the Cuba Eastern Railroad Company. There was an order and decree denying the claim of John E. Berwind, and he appeals and brings error. Affirmed.

Wetherhorn & Link (Mitchell Wetherhorn and William C. Rosenberg, of counsel), for appellant.

Convers & Kirlin (J. Parker Kirlin and Charles T. Cowenhoven, Jr., of counsel), ·for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The entire controversy turns upon the question whether the claimant, John E. Berwind, obtained a valid attachment of the fund of $7,390 in the Knickerbocker Trust Company. This fund came into existence as follows: On October 21, 1907, pursuant to an order from the National Bank of Cuba, the Park Bank of New York drew its check for the above amount in the. following form:

"Cashier's Check.

New York, Oct. 21, 1907.

Pay. to the order of Knickerbocker Trust Company, New York, for H. M. De Lanoie, a/c Sims, seventy-three hundred ninety 00/100 dollars.

H. B. Bailey,                                          Fred. O. Foxcroft,
Acc't.                                                 Ass't. Cashier."

On the same day this check was deposited in the Knickerbocker Trust Company by De Lanoie to his credit. On October 22d, the Trust Company suspended payment. Very soon thereafter De Lanoie drew his. individual check, dated October 21, 1907, on the Trust Company for the said amount to the order. of the Cuba Eastern Railroad Company and delivered it to the comptroller of that company. On November 4, 1907, De Lanoie, by written instrument, assigned his account in the Trust Company, to the extent of said fund, to the Railroad Company.

[1] In April, 1908, an action was commenced by Berwind in the Supreme Court of New York and on April 9, 1908, a notice of attachment was served on the Railway Company and on Harris A. Dunn, secretary and treasurer of the Trust Company. At this time the Trust Company had $7,390 to the credit of De Lanoie and the Railway Company had De Lanoie's check for that amount. The check was not attached and there was no fund in the Trust Company to the credit of the Railway Company, except a balance of $152.45. The special master has found that there is nothing to indicate that the assignment of the account was filed with the Knickerbocker Trust Company or that it had notice of such assignment. The New York Code provides (section 649) with great particularity how an attachment shall be levied. Under the authority of the state courts interpreting the provisions of the. Code, which must be strictly construed, we are satisfied that no valid attachment was levied as to the fund in ·question. Penoyar v. Kelsey, 150 N. Y. 77, 44 N. E. 788, 34 L. R. A. 248.

So far as the Trust Company is concerned, it could not legally have paid out or transferred the fund except upon De Lanoie's order. He was the only creditor .the Trust Company knew and until it received an order from him, it was its duty to keep the deposit in his name. The attachment of the property of the Railroad Company did

not touch this fund. It was not the property of the Railroad Company within the knowledge of the Trust Company, and the latter had insufficient notice to indicate that its ownership had changed at the time the attachment was served. Gibson v. Park Bank, 98 N. Y. 87; Gittings v. Russell, 114 App. Div. 405, 99 N. Y. Supp. 1064.

[2] It is argued that De Lanoie was an officer of the Trust Company and that his knowledge of the assignment of the account of the Railroad Company must be imputed to the Trust Company. But his connection with the Trust Company did not relate to the receiving deposits or crediting the same and the mere fact that he knew of a transaction which he was under no obligation to disclose and which did not relate to his department, does not constitute notice to the Trust Company. Mayor v. Tenth National Bank, 111 N. Y. 446, 18 N. E. 618.

The special master has given careful consideration to all the questions in issue and we deem it unnecessary to add further to the discussion of the questions of law and fact found in his report.

The order and decree are affirmed with costs