## THE HORSA.

### (District Court, E. D. South Carolina. October 1, 1915.)

1. ADMIRALTY ⬅️47—SUITS IN PERSONAM—ATTACHMENT—FORM OF WARRANT.
   While the warrant of attachment, prescribed by admiralty rule 2 (29 Sup. Ct. xxxix) in suits in personam, is one in form for the arrest of the defendant, and if he cannot be found the attachment of his goods and chattels, the fact that such form was not followed, but the warrant issued merely directed the attachment of the vessel named, is not fatal to the jurisdiction of the court, where the libel and affidavit on which the order for attachment was issued showed that the vessel was a foreign vessel about to leave the jurisdiction, and that her owners were unknown, and where, after the attachment, her master appeared and gave bond as in suits in rem.
   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 396–403; Dec. Dig. ⬅️47.]

2. ADMIRALTY ⬅️21—ACTION FOR WRONGFUL DEATH—ENFORCING STATE STATUTE.
   A court of admiralty will, in a proper case, enforce by proceedings in personam a right given by a state statute to recover damages for wrongful death.
   [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 218–220; Dec. Dig. ⬅️21.]

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. DEATH ⊜⇒44—ACTION FOR WRONGFUL DEATH—SUBSTITUTION OF PARTIES.
  The statutes of a state gave a right of action for wrongful death to
  the executor or administrator of the deceased for the benefit of his wife
  and children. An injury resulting in death occurred on a foreign vessel
  lying in a port of the state. Under the state statutes a number of
  weeks must elapse before an administrator could be appointed. *Held*
  that, upon a showing of such facts, that the vessel was about to leave the
  jurisdiction, and that her owners were unknown, a court of admiralty had
  jurisdiction to permit the filing of a libel by the widow, with an order of
  . attachment against the vessel, subject to amendment by substituting the
  administrator, when appointed, as libelant.
  [Ed. Note.—For other cases, see Death, Dec. Dig. ⊜⇒44.]

In Admiralty. Suit by Corie Simmons against John Doe and
Richard Roe, unknown owners of the steamship Horsa. On motion
to dissolve attachment. Denied.

J. Waties Waring and Joseph Fromberg, both of Charleston, S.
C., for libelant.

Alfred Huger, of Charleston, S. C., for respondents.

SMITH, District Judge. In this case a libel in personam was
filed by Corie Simmons against John Doe and Richard Roe, the
unknown owners of the steamship Horsa. The libel alleges that the
steamship Horsa is a foreign owned steamship, to wit, a British
steamship, the owners of which are unknown to the complainant, and
that whilst at the port of Charleston, through the carelessness and
negligence of the agent of the owner of the steamship, to wit, the
negligence of the master, one Dennis Simmons, a laborer engaged
in unloading the vessel, was through the defective, unsafe, and in-
secure machinery of the ship, provided for the purpose of the un-
loading, so badly injured that he died from the injury. Under the
rule of this court (rule 106) it is provided that in suits in personam
no warrant of arrest shall issue for the arrest of the property of the
defendant for an amount exceeding $500, unless by the special order
of the court. Upon application to the court, and the presentation of
the verified libel showing the above facts, an order was made direct-
ing that the warrant of arrest should issue, in this case for the
arrest of the steamship Horsa, provided that no such process should
issue until the libelant had filed with the clerk a bond or stipulation
in the usual form on the issue of process in rem in the sum of $250,
with sufficient security to be approved by the clerk of this court.
Thereupon the stipulation was given, and the clerk issued a moni-
tion and warrant for arrest in the usual form of a monition
and warrant for arrest on a libel in rem in admiralty, and there-
upon the Horsa was attached. After the attachment, upon giving
bond to abide by and perform the decree of the court in the cause,
the vessel was released, and has since departed from the juris-
diction.

The respondent now appears and makes this motion to dissolve
the attachment or warrant of arrest, on the ground that the libel
does not disclose any admiralty or maritime claim or lien whereupon
an attachment could be founded, and at the same time moves upon
exceptions to the libel that the same be dismissed and the attachment

dissolved upon the grounds, first, that the allegations of the libel do not disclose any admiralty or maritime claim or lien whereupon attachment should be issued; second, that the libel does not allege by whom Dennis Simmons, mentioned and referred to in article 2 thereof, was employed on board of the steamship Horsa; third, that said libel does not allege in what way the winch mentioned in article 3 thereof was defective, unsafe, and insecure, or in what way said winch gave way and failed to work; fourth, because the libel does not allege in what respects the winch referred to in article 4 was not sufficiently strong, safe, and secure for the purposes described; fifth, that the damages of $10,000, referred to and stated in allegation 7 thereof, are stated too indefinitely; sixth, that the libel does not disclose any claim or cause of action on behalf of libelant.

[1] It will be noticed that these exceptions raise very serious questions to the merits of the pleadings; that is to say, to the sufficiency of the libel and to the right of the libelant to bring this proceeding. The questions that come before the court upon this motion are, first, whether or not this warrant of arrest is in proper form to justify the arrest of the vessel under the present libel; and, next, whether the libelant is without standing in court because the proceeding is not brought by any person authorized to bring the proceeding. On the first point the respondent relies upon the provisions of rule 2 of the Rules and Practice for the Courts of the United States in Admiralty and Maritime Jurisdiction (29 Sup. Ct. xxxix), prescribed by the Supreme Court in pursuance of Act Aug. 23, 1842, c. 188, 5 Stat. 516. Rule 2 of those rules prescribes that in suits in personam the mesne process may be by a simple warrant of arrest of the person of the defendant in the nature of a capias, or by a warrant of arrest of the person of the defendant, with a clause therein, if he cannot be found, to attach his goods and chattels to the amount sued for, or, if such property cannot be found, to attach his credits and effects to the amount sued for in the hands of the garnishees named therein, or by a simple monition in the nature of a summons to appear and answer to the suit, as the libelant shall in his libel or information pray for or elect.

The process issued by the clerk in this case has practically two clauses, viz., a simple monition in the nature of summons to appear and answer to the suit, and an order of arrest to the marshal to seize and hold the vessel, and to notify all parties claiming the same, or knowing or having anything to say why the vessel should not be condemned and sold to appear on the return day named and make their answers in that behalf. The respondent claims that the whole proceeding is now irregular, and null and void, in that the process issued by the clerk should have been in the form of a warrant of arrest of the persons of the owners of the vessel, and then have provided that, if such owners could not be found, then, and then only, to attach their goods and chattels, to wit, the ship Horsa. The process issued by the clerk not having been in this form, according to

respondent's claim, the whole attachment was invalid and should be dissolved.

Under the process as actually issued by the clerk the marshal attached the ship Horsa and by publication in the form usual in proceedings in rem notified all claimants to appear. Thereupon the master, the representative of the owners, appeared, claimed the vessel, and had the vessel released upon giving bond under the provisions of the United States Revised Statutes—section 941, as amended March 3, 1899 (Act March 3, 1899, c. 441, 30 Stat. 1354 [Comp. St. 1913, § 1567]) —in double the amount claimed by the owner, conditioned to perform the decree of the court in this cause. The claimant, as the representative of the owners of the vessel, has therefore appeared in this cause and given bond, in double the amount of the claim, to answer the decree in the cause. Whilst the form of the process is not in artistic form, yet it complied in the opinion of the court substantially with the requirements of rule 2 of the Rules in Admiralty. The vessel was seized, and the owners were notified by the marshal, and have appeared to the proceedings. This is in effect exactly what would have resulted if the form had been different, and it had run in the shape of a warrant of arrest of the person of the defendants, with a clause that, if they could not be found, their goods and chattels should be attached to the amount sued for.

At the time when the court made the order for the warrant of arrest to issue, the sworn allegations of the libel, and of the affidavit submitted along with the libel, showed that the owners were unknown to the libelant, that the ship was a foreign ship, being a British-owned ship, and she was about to leave the jurisdiction. The libel and affidavit therefore informed the court in effect that the owners could not be found within the jurisdiction because they were not known to the libelant, and they were foreigners, to wit, citizens of Great Britain, and that the vessel was about to depart. At the time of making the order to issue the warrant for arrest the court had before it all the information which would have been obtained, had the warrant of arrest contained a clause that the property should be arrested only if the persons of the defendants could not be found within the jurisdiction, for the affidavit and sworn libel advised the court when the process was issued that the defendants could not be found within the jurisdiction. In substance, therefore, the entire requirements of rule 2 have been performed.

To dissolve the attachment simply because the process in this case was not in the form in exact words of first directing the persons of the defendants to be arrested, and then following that with a clause, if they could not be found, to attach their goods and chattels, when there now is in the court the bond of the defendants, in consideration of which they secured the release of the vessel, that they would abide by the decree of the court, would be practically to deprive the plaintiff of all remedy. The vessel has gone, its owners are citizens of a different country, the vessel is without the jurisdiction, the owners are not themselves, and have no known property, in the jurisdiction, and to dissolve the attachment at this time

would be to deprive the party injured of all remedy, when in reality the respondents have had full process and opportunity to be brought into and have their day in court. The sworn libel has been filed, with which libel the affidavit was submitted to the court; upon that the court made an order for the warrant of arrest of the property to issue; upon that the marshal arrested the property and gave notice to the master of the vessel, the representative of the owners; and upon that notice the master came in, filed his claim, gave his bond to abide by the decree of the court, and obtained the release of the vessel, and has further filed exceptions to the form and substance of the libel. Under all these circumstances it appears to the court that there is no reason for the dissolution of attachment upon this ground.

[2] The next question, however, is whether or not the libel should not be dismissed and the attachment dissolved, because the proceedings were not brought by the person qualified to bring them. The proceedings were instituted by Corie Simmons, the widow of the party who was killed, and who sued for the benefit of herself and the children of the deceased, Dennis Simmons. The position of the respondent is that nobody was authorized to bring these proceedings, except the personal representative duly appointed. The rule in the courts of admiralty in the United States is that, although originally admiralty did not enforce damages for death for the benefit of the next of kin or heirs of the dead party, yet that a court of admiralty will enforce in admiralty, by proceedings in personam, damages in cases in which the right of action is given to the next of kin or the representatives of the deceased party by the state law, at the place where the injury was caused. Deslions v. La Compagnie Generale, 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973; Maryland v. Miller, 194 Fed. 775, 114 C. C. A. 495; Atlantic Transport Co. v. Maryland, 193 Fed. 1019, 113 C. C. A. 408; Aurora Shipping Co. v. Boyce, 191 Fed. 960, 112 C. C. A. 372; Monongahela v. Schinnerer, 196 Fed. 375, 117 C. C. A. 193; Trauffler v. Detroit (D. C.) 181 Fed. 256.

[3] The state statute of South Carolina gives a right of action for injuries causing death for the benefit of the wife and children, and provides that the action shall be brought by or in the name of the executor or administrator of such person. Code of Laws 1912, § 3956. The libel in this case alleges that the libelant, who is the widow of the deceased, had made application to the probate court for the county of Charleston, state of South Carolina, to issue letters of administration on the estate of the said Dennis Simmons, and that the wife and children of the said Dennis Simmons are the persons entitled as beneficiaries under the statute. The law is that it requires two weeks from the time of the application for administration before administration can be issued. The affidavit submitted to the court at the time of the filing of the libel showed that the vessel was about to leave the jurisdiction. It follows, therefore, that if two weeks had been waited for in order to have the administrator appointed the vessel would have left the jurisdiction and the parties would have been deprived of all remedy, simply because an administration could not be procured early enough in time for the suit to be brought in the name of the legal representative.

The matter for consideration, then, is whether a party who may have a perfectly meritorious right of action is to lose all remedy in the jurisdiction, because it is impossible to have an administrator appointed in time to take action before the property which alone gives jurisdiction to the court in which the injury was committed shall have been so far removed from the jurisdiction as to leave the party without remedy. There is this period of delay required by the statute between the date of application for administration and the appointment. During that period the party to be sued could either himself depart entirely from the jurisdiction, or could remove the property which could be subjected to the claim entirely from the jurisdiction, and the party having the right of action would be wholly without remedy. This would seem to be a very anomalous and inequitable result. The statute gives a right, creates a remedy, and at the same time, under this state of facts, not from any fault or negligence on the part of the party injured, but from the delay required by the orderly procedure in the administration of justice, the entire jurisdiction of the court would be defeated and the party be without a remedy.

It may be that proceedings could have been instituted to enjoin the removal of the property by any one acting as guardian ad litem or next friend for the infants or beneficiaries according to the terms of the statute. This proceeding, however, was not instituted, but the property has been actually arrested, and a bond substituted for it, which bond is now in this court subject to its enforcement if it should hold that it has the proper jurisdiction to award the relief to which the parties may prove themselves to be entitled. Everything has been done which would have been done, had proceedings for an injunction been instituted to prevent the removal of the property until an administrator could be appointed. Should this proceeding now be dismissed, or the attachment dissolved, and the party deprived of all remedy in this jurisdiction, simply because of the circuity of action involved in first filing a bill for injunction and obtaining an injunction, until an administrator was appointed, and then having an administrator appointed to bring the action? The result would be exactly the same if the court now permitted the administrator to come in and maintain the action, so that the party defendant would have the controversy tried in a single action and any judgment rendered rendered in an action to which administrator duly appointed is a party.

This seems to be the practice approved in the case of Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1915B, 134. There an action was brought by a plaintiff, who was sole beneficiary, and who took out letters of administration only after the commencement of the action. The action, however, was commenced before the letters of administration were issued, and by the beneficiary alone, instead of being brought by the administrator, in whom alone under the statute was vested the right to bring the action. The court, however, permitted an amendment to the complaint, alleging that since the commencement of the action the plaintiff had been appointed administratrix, and

that the action was brought in her individual capacity and also as administratrix. This amendment was allowed by the court, and an order was made permitting the plaintiff to sue as the personal representative of the deceased, as well as in her individual capacity. The Supreme Court of the United States held that the court below acted properly in allowing the amendment; that such an amendment was not equivalent to the commencement of a new action, but was simply an amendment in which one party plaintiff was substituted for another suing upon exactly the same cause of action, and therefore was an amendment which related back to the beginning of the suit.

In the case of Bussey v. Railway, 73 S. C. 215, 53 S. E. 165, the Supreme Court of South Carolina, while holding that the action must be brought in the name of the executor or administrator of the deceased person, yet also held that the substitution could be made upon the record without bringing another action. The Code of Civil Procedure of the state of South Carolina in section 224 expressly provides that the court may, before or after judgment, allow an amendment by adding or striking out the name of any party. Under rule 24 of the Rules in Admiralty, amendments in matters of substance may be made upon motion at any time before final decree, and in the case of The Beaconsfield, 158 U. S. 303, 15 Sup. Ct. 860, 39 L. Ed. 993, the United States Supreme Court decided that an amendment striking out the libelant and substituting the real party in interest for the nominal party as libelant would not in admiralty avoid a stipulation as against the sureties, if the cause of action remained the same. The statutory provision that the action must be brought in the name of the executor or administrator of the deceased does not appear to be a condition precedent essential to the existence of the right and a necessary jurisdictional prerequisite to the power of the court to entertain the action, but is a matter amendable by making the person of the party ultimately to recover conform to the requirements of the statute. The right is created when the tort is complete; the party to assert that right is a matter of incident and within the sphere of amendment.

It is therefore ordered and decreed that the motion to dissolve the attachment be and the same is hereby refused. It is further ordered and adjudged that unless the libelant shall within 20 days from the date of this order procure administration to be issued upon the estate of the deceased, Dennis Simmons, and shall file an application in this court to have the administrator substituted as libelant in this proceeding in the room and stead of the libelant, Cori Simmons, the respondent may move before this court for the dissolution of the attachment and the dismissal of the proceedings.