YVONNE A. COTNAREANU et al., Respondents, v. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK et al., Appellants.

(Argued April 16, 1936; decided June 2, 1936.)

*Carl A. Mead, S. S. Jennings, Jr., William H. Reevse* and *Frank A. F. Severance* for The Chase National Bank of the City of New York et al., appellants.

*John W. Davis, Russel S. Coutant, Edwin F. Blair, Frederick G. Watson, Jr.,* and *Robert W. Dew* for John F. Woods, appellant.

*Samuel Seabury, Francis L. Kohlman* and *George Trosk* for respondents.

LOUGHRAN, J. This is an action in aid of an execution issued in an attachment suit. The case is here on the pleadings.

The plaintiff sheriff has only an official interest in the controversy. The real plaintiff in interest is the creditor Cotnareanu, who will be called the plaintiff. The attachment debtor was one Francois Coty, a non-resident, now deceased. The property sought to be reached is an asserted interest of Francois Coty in certificates representing shares of the capital stock of Coty, Inc., a Delaware corporation. At all times here in issue those certificates were held by the defendant The Chase National Bank of the City of New York (hereinafter called the Chase Bank). Record ownership of them was in this bank's nominee, the defendant copartnership Lee & Co. Defendant Woods is another creditor of Francois Coty, the attachment debtor.

This complaint further alleges the following facts: On July 11, 1932, the plaintiff commenced in the Supreme Court an action against Francois Coty to recover damages for breach of contract. The summons therein was served by publication. In that action the plaintiff procured on September 26, 1932, an attachment directing seizure of the property of Francois Coty, and the next day caused

to be delivered to the Chase Bank a certified copy of the warrant and a notice that the sheriff attached " all * * * property, debts, credits, and effects, and all rights and shares of stock " of Francois Coty in the possession of the bank. On November 17, 1933, judgment in that action was entered in favor of the plaintiff on the default of Francois Coty, as a non-resident defendant served by publication. Execution on that judgment was served on the Chase Bank on December 22, 1933. Surrender to the plaintiff of the above-mentioned certificates of stock of Coty, Inc., was refused.

Plaintiff now demands that those certificates be delivered by the Chase Bank to the sheriff for sale of the claimed interest of Francois Coty therein and that the proceeds be applied in satisfaction of the judgment so recovered by the plaintiff against Francois Coty.

As a second defense consisting of new matter, the defendant Woods alleges the following facts: On November 23, 1933, he commenced in the Supreme Court an action against Francois Coty as acceptor of overdue and unpaid bills of exchange and thereupon a warrant of attachment against the property of Francois Coty was issued in that action. On December 1, 1933, a certified copy of that warrant was delivered to the Chase Bank together with " specific notices showing the property attached * * * and specifying in detail and by numbers the certificates of stock of Coty, Inc., which belonged to Francois Coty, including the certificates referred to in the complaint herein." The only knowledge or information had by the Chase Bank in respect of any interest of Francois Coty in those certificates " was derived from said specific notices caused to be served upon said The Chase National Bank of the City of New York by this defendant [Woods]." In that action Francois Coty was served by publication and defaulted in appearing.

A substantially similar defense is pleaded by the Chase Bank and its nominee in their joint answer.

There has been certified to us the question whether these defenses are sufficient in law. This opinion discusses only that question.

We think either defense is a valid constructive denial of the allegation that the plaintiff's attachment was levied upon any interest that Francois Coty may have had in the certificates of stock of Coty, Inc., held by the Chase Bank.

The parties are agreed that the thing the plaintiff tried to attach was in the nature of personal property incapable of manual delivery. An attachment of such property is levied " by leaving a certified copy of the warrant, *and a notice showing the property attached,* with the person holding the same." (Civ. Pr. Act, § 917, subd. 3.) " The statute requires the service of both the warrant and the notice, and it is to the latter that the holder of the property must look to ascertain what property is attached, and upon that paper he must base his action." (*Hayden* v. *National Bank,* 130 N. Y. 146, 150.)

We have quoted the wholly general terms of the notice served upon the Chase Bank with the plaintiff's warrant of attachment. Service of such a notice does not effect a levy when nothing in the circumstances tends to identify to the garnishee any property in its possession in which the attachment debtor is claimed to have an interest. (*Gittings* v. *Russel,* 114 App. Div. 405; 187 N. Y. 538.) Consequently the levy attempted by the plaintiff could have no effect before the Chase Bank was apprised of the asserted interest of the attachment debtor (Francois Coty) in the certificates of stock of Coty, Inc., held by the bank in the name of the defendant Lee & Co. The defendants fix the time when the bank first knew of any claim that those certificates were in part the property of Francois Coty. That date, as pleaded, was December 1 1933. Plaintiff's judgment against Francois Coty had theretofore been entered on November 17, 1933. Power to levy the plaintiff's attachment could not survive the recovery of that judgment. (Civ. Pr. Act, § 520; *McCarthy* v. *Culkin,* 254 N. Y. 328.) In short, on the facts appearing in the pleadings the plaintiff has no lien.

It can make no difference whether, as the plaintiff says, neither Francois Coty in his lifetime nor his legal representative since his death questioned the plaintiff's attachment. This attack upon it does not depend on any personal privilege. One issue thereby tendered goes to due process. (*McCarthy* v. *Culkin*, *supra*.) In that aspect at least, these defenses, as stated, are sufficient.

We have not overlooked the argument addressed by learned counsel for the plaintiff to the scope of the decision in *Gittings* v. *Russel* (*supra*). It was there a fact (not pleaded here) that, after service of a like general notice of the property attached, the garnishee bank in good faith disposed of property of the attachment debtor held by it in the name of another. The materiality of this fact difference between the *Gittings* case and the case at hand has been urged upon us with great force and ability in behalf of the plaintiff. We cannot follow that argument to its end. In the *Gittings* case the question, as stated by the court, was " whether an effective levy was made " (114 App. Div. at p. 407). That question was certified to this court and was answered in the negative (187 N. Y. 538, 539).

We have examined the other defenses challenged by the plaintiff. In our opinion it has been properly ruled that none of them is valid.

The orders should be modified in accordance with this opinion and, as so modified, affirmed, with separate bills of costs in all courts to the appellants. The first question certified by the order granting leave to appeal to the defendant John F. Woods should be answered in the negative; the second question thereby certified should be answered in the affirmative. The second question certified by the order granting leave to appeal to the other defendants should be answered in the affirmative; the other questions thereby certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN and CROUCH, JJ., concur; HUBBS and FINCH, JJ., taking no part.

Ordered accordingly.