## THE BENNESTVET.

### THORNING v. BROVIG.

District Court, S. D. New York.
Jan. 10, 1940.

Melton, Lebovici & Arkin, of New York City (Herbert Lebovici, of New York City, of counsel), for libelant.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for claimant.

CONGER, District Judge.

The libelant is suing to recover for wages alleged to be due him for services as a seaman on the SS. Gezina, owned by Th. Brovig. The libel was filed on November 10, 1939, against the said Th. Brovig, as owner, with a prayer for foreign attachment against the SS Bennestvet, another ship owned by Th. Brovig, and about to be within the Admiralty jurisdiction of this Court.

Pursuant to this libel process in the form usual to process in rem was issued by the Clerk, rather than the form for process in personam with clause of foreign attachment. On November 17th, 1939, when the SS. Bennestvet came into the port of New York, process was issued against her, the vessel seized and thereafter Th. Brovig claimed the vessel, bonded it and thus had it released.

In connection with the libel, the libelant was entitled to have issued and served a citation with clause of foreign attachment, instead, as previously pointed out, the form for process in a proceeding in rem.

Undoubtedly this form of process was issued through mistake and inadvertence, but the result is the same as that which would, in effect, have followed if the form had been different and had run in the usual form by which the Marshal is directed to cite and admonish the respondent to appear, etc., if he could be found in the District, and if the said respondent cannot be found to attach his goods and chattels, etc. to the amount sued for.

It seems hardly necessary to do more than refer to the well settled principle that the seaman is the ward of the court of Admiralty, and the correction of a matter of form, in the instant case, is clearly one where the discretion of the court should be exercised for his protection. See Benedict on Admiralty, 5th Ed., Vol.

1, Sect. 283; The Horsa, D.C., 232 F. 993, 996, cited with approval, The Lydia, 2 Cir., 1 F.2d 18, 22.

The motion of the claimant should therefore be denied. Settle order on notice.