Samuel 0. Coleman, J.
The plaintiff, Graphic Offset rendered services to a corporate entity, World Wide Gift Club, Inc., a Delaware corporation. It submitted bills to the Gift Club, Inc., and received three checks from Gift Club, Inc., in partial payment. It sought to recover the balance by suit. It prepared a summons and complaint naming World Wide Doll Club, Inc., a Delaware corporation, as the defendant and it *383 obtained a warrant of attachment against Doll Club, Inc., on the ground that the latter was a Delaware corporation. The warrant was served upon the defendant bank which certified to the Sheriff that it had no account in the name of World Wide Doll Club, Inc. Indeed there is no such corporate entity in existence. There was an account in the name of World Wide Gift Club, Inc., in fact, a Delaware corporation, and the bank following the service of the warrant permitted nearly all of the funds in that account to be withdrawn. The plaintiff entered judgment against Doll Club, Inc., by default and it and the Sheriff have brought this action against the bank on the warrant of attachment. The bank defends on the ground that since there was no such depositor as Doll Club, Inc. and no such entity it was free to dispose of the funds of Gift Club, Inc.
A statement of additional facts is necessary. The corporation Gift Club used several names in its business — World Wide Gift Club, World Wide Doll Club, World Wide Kennels, World Wide Bazaar. This was known to the bank; the very resolution opening the account of Gift Club, Inc., told it so. Checks were received drawn to the order of any one of the four names and all checks were accepted by the bank and deposited in the account of Gift Club, Inc. As the manager of the bank put it, the bank knew that ‘ ‘ Doll Club was owned by Gift Club ”; there was no segregation of accounts, “we considered all these one account ’ ’ and the deposit slips and endorsement stamps contained the several names including one that read, though indistinctly “ World Wide Doll Club, Inc.” When the warrant of attachment was served upon the manager of the bank he immediately got in touch with the president of Gift Club and told him “ about the warrant of attachment being served in the wrong name ’ ’. Of course the manager knew which account was intended to be attached and was in fact being attached — the only account there was; he was even told by the president of Gift Club that the latter was going to Florida to see if he could settle the claim being made against it — the very claim that had resulted in the attachment. It was after this conversation that the defendant permitted the funds to be withdrawn.
In these circumstances it seems to be that the bank is liable to the judgment creditor. The bank should not be permitted to rely on general language that an attachment proceeding is closely regulated by statute; all these regulations preceded the bank’s conduct. It was served with an order of the court *384 valid on its face directing it to turn over to the Sheriff money belonging to Doll Club, Inc. The plaintiff should have sued Gift Club, to be sure — but the bank knew from the very documents served upon it and from the papers filed with it and from the deposit slips and stamps (even omitting the manager’s conversation with the president of Gift Club) that Doll Club was one of Gift Club’s names; that Doll Club’s funds were Gift Club’s and vice versa; and that Gift Club, Inc. was in fact a Delaware corporation. It was trifling with an order of the court when acting in concert with the president of Gift Club it permitted the latter to withdraw the funds from the account.
The three cases mainly relied on by the defendant (Cotnareanu v. Chase Nat. Bank, 271 N. Y. 294; Hayden v. National Bank, 130 N. Y. 146; Gittings v. Russel, 114 App. Div. 405, affd. 187 N. Y. 538) are inapplicable because there the position of the respective defendants was that the warrant of attachment did not give sufficient notice as to whose property was being attached. Of course the defendant here had notice. Moreover the statute under which these cases were decided has since been amended (Civ. Prac. Act, § 917, as amd. by L. 1940, ch. 625). And if the bank had doubts, section 924 of the Civil Practice Act provides a remedy by which they can be dispelled.
There will be judgment for the plaintiffs for $8,215.19 to be applied by the Sheriff to the satisfaction of the judgment heretofore obtained by Graphic. That judgment is still outstanding, a motion by Gift Club, Inc. to have it vacated on the ground that it is a nullity unenforcible against Gift Club, Inc., having been denied.
The bank has a third-party complaint against Gift Club, Inc. I think it should recover on that complaint. By hypothesis a judgment has been obtained against Gift Club, Inc., not under its technically correct name, but under a name which it presumed to use and which it encouraged others to use. It was aware that the claim was really being made against it, and as between it and the bank the ultimate burden should fall on it. The conduct of neither can be condoned, but Gift Club deliberately withdrew its funds in order to thwart the efforts of a bona fide creditor to obtain payment and in defiance of a court order which it knew was directed to it.