**ESSO STANDARD (SWITZERLAND),** Libelant,

v.

**THE Steamship AROSA SUN; The Steamship Arosa Star; THE Steamship AROSA SKY; THE Steamship AROSA KULM and Arosa Line Inc., Respondents.**

**CALTEX (U.K.) LIMITED and Caltex, Oil, A.G., Libelants,**

v.

**Steamships THE AROSA STAR, The Arosa Sun, THE AROSA KULM and THE AROSA SKY, their engines, etc., and Arosa Line, Inc., Respondents.**

United States District Court
S. D. New York.
June 9, 1960.

Kirlin, Campbell & Keating, New York City, for libelants; Walter P. Hickey, New York City, of counsel.

Zock, Petrie, Sheneman & Reid, New York City, for respondents; James D. Hanlon, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Libelants in these two suits in admiralty move for a consolidated decree pro confesso. The proposed decree provides that the sum of $10,025.30 in the hands of J. Henry Schroder Banking Corporation, (Schroder), attached under clauses of foreign attachment and claimed to be credits and effects of respondent Arosa Line, Inc., shall be apportioned among and paid to libelants in partial satisfaction of the decree. Caribbean Cruise Lines, Inc. opposes the motion claiming that it is entitled to these funds under a later foreign attachment. Other parties having later attachments have made no objection. Schroder stands ready to pay over the funds as the court directs. The sole question presented is whether libelants have the right to be paid the funds held by Schroder.

On December 5, 1958 libelants Esso Standard (Switzerland), Caltex (U.K.) Ltd., Caltex Oil, A.G., (collectively referred to as Esso) filed libels in personam against Arosa Line, Inc. as respondent, and also named the Arosa Sun, the Arosa

126

Star and the Arosa Sky, and the Arosa Kulm, as respondents in rem, alleging that these vessels were owned by respondent, a Panamanian corporation.

On December 8, 1958 the marshal, having certified that he was unable to find respondent Arosa Line, Inc. in this district, attached the credits and effects of Arosa Line, Inc. in the hands of Schroder by serving on Schroder process with clause of foreign attachment. On December 12, 1958 the garnishee responded to the process, certifying that it did not hold any property or any rights to property for account of or on behalf of Arosa Line, Inc. but advising

"that at the time of service of these libels we were holding the sum of $10,025.30 on the account styled:
'Arosa Line Inc. (Panama) Geneva, Switzerland—Letter of Credit Cash Collateral Account'.

These funds served as collateral security for an irrevocable letter of credit which were extended on August 9, 1957 in favor of Atlantic Conference, 65 Sandgate Road, Folkstone, Kent, England, in the amount of $25,000 and which expires at our office on December 31, 1958. Drafts under this credit, however, may be negotiated on December 31, 1958 with the result that our liability under this credit can be extended beyond the expiration date established in the credit. To the extent these funds are not utilized to reimburse us for drawings under this credit they will, upon the termination of our liability, be held for the general account of Arosa Line Inc. (Panama) Geneva, Switzerland, and blocked for attachment purposes."

On December 5, 1958 Caribbean Cruise Lines, Inc. (Caribbean) filed a libel in personam against a respondent named as Arosa Lines, Inc. "Panama" alleging it to be the owner of the Arosa Sun. On December 29, 1958, three weeks after Esso's process had been served, process with clause of foreign attachment under the Caribbean libel was served upon Schroder purporting to attach funds of Arosa Lines, Inc. "Panama" in Schroder's hands. In March 1959 Caribbean submitted a proposed final decree pro confesso against respondent Arosa Lines, Inc. "Panama" which provided inter alia that the funds in the hands of Schroder be paid over to it. Esso made objection to the proposed final decree, asserting its prior rights to the fund. The portion of the decree providing for the payment of the Schroder funds to Caribbean was stricken "without prejudice to an appropriate adversary proceeding to establish the priorities of the fund held by the garnishee".

In December 1959 Esso submitted a proposed decree pro confesso in its suits to Judge Herlands sitting ex parte which was opposed by Caribbean. Judge Herlands directed that the proposed decree be brought on by a noticed motion. Esso then made the present motion on notice to Caribbean and other parties who had served attachments on the funds in Schroder's hands.

It is the position of Caribbean that the process served on Schroder under Esso's libel naming Arosa Line, Inc. as respondent was invalid and ineffective to attach the funds held by Schroder in the account styled "Arosa Line Inc. (Panama) Geneva, Switzerland—Letter of Credit Cash Collateral Account". It states that there were three corporations containing the name Arosa Line, Inc., namely, Arosa Line, Inc. "Panama", Arosa Line (United States) Inc. and Arosa Line (Canada) Inc., as well as a prior corporation Arosa Line (New York) Inc. The title Arosa Line, Inc. "Panama" was apparently used by the Panamanian respondent on its letterhead and in conducting its business. Caribbean therefore contends that the process issued under its libel naming Arosa Lines, Inc. "Panama" as respondent was a valid and effective attachment of the funds in the Schroder Arosa account and that it is therefore entitled to payment of such funds as against Esso despite the fact that its process was served three weeks later.

Esso, on the other hand, urges that the process served under its libel was a valid and effective attachment of the Schroder Arosa account and that it is entitled to payment of such funds as against the later attachment by Caribbean, and points out the following: Both its libels and the Caribbean libel alleged that the respondent respectively named was a Panamanian corporation and the owner of the vessel Arosa Sun, thus making it plain that the identical respondent was named in each. Lloyds' register of shipping lists the owner of the Arosa Sun merely as Arosa Line Inc. The Caribbean libel and process itself did not use the precise corporate name because it used the word "Lines" instead of "Line" in naming the respondent. The style in which the account is listed by Schroder "Arosa Line Inc. (Panama) Geneva, Switzerland," is not precisely the same as the style used by Caribbean "Arosa Lines, Inc., 'Panama' ". The response to process by Schroder acknowledges that, subject to the termination of its own liability, the account will be blocked for attachment purposes. Esso urges that there was at the worst a trivial inaccuracy in respondent's corporate name which prejudiced no one and that it is plain that the funds held by Schroder as "blocked for attachment purposes" are the property of the Panamanian corporation which it named as respondent.

■ The right to proceed by foreign attachment rests upon the power of the Supreme Court to regulate practice in the admiralty, and the second rule in admiralty adopted by the Supreme Court as supplemented by the Admiralty Rules of this court. Questions as to the validity of such attachments are governed by the law of admiralty and not state law. Atkins v. Fibre Disintegrating Co., 18 Wall. 272, 85 U.S. 272, 21 L.Ed. 841; Kingston Dry Dock Co. v. Lake Champlain Transportation Co., 2 Cir., 31 F.2d 265; 2 Benedict, Admiralty, (6 ed.) § 288. See, also, Swift & Co. Packers v. Compania etc. Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206.

Rule 2 of the Admiralty Rules of Practice for the Courts of the United States, 28 U.S.C.A., is brief and simple and provides merely that

"In suits *in personam* the mesne process shall be by a simple monition in the nature of a summons to appear and answer to the suit, or by a simple warrant of arrest of the person of the respondent in the nature of a capias, as the libellant may, in his libel or information pray for or elect; in either case with a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, if said respondent shall not be found within the district. * * * ."

The rule follows ancient practice. It is not derived from the common law but from a practice borrowed from the civil law. Kingston Dry Dock Co. v. Lake Champlain Transportation Co., supra.

■ Process in foreign attachment may be effected whenever respondent "shall not be found within the district". Where debts, credits and effects are not delivered up to the marshal by the garnishee such process may be served by leaving a copy with the garnishee with notice of the property attached. Upon due return by the marshal the libelant, "on proof satisfactory to the court that the property belongs to respondent, may proceed to a hearing and final decree in the cause". Rule 18, Admiralty Rules, D.C.S.D.N.Y. See 2 Benedict, Admiralty (6 ed.) §§ 288–290.

■■ Admiralty has not permitted technical niceties to defeat rights of foreign attachment. See The Horsa, D.C. E.D.S.C., 232 F. 993; The Bennestvet, D.C.S.D.N.Y., 30 F.Supp. 794. This is in accord with the well recognized principle pervading admiralty practice generally that equitable principles rather than technical rules and forms should be the paramount consideration and that the objective is to do substantial justice between the parties. See 2 Benedict, Admiralty, (6 ed.) § 223, and cases there

cited. See, also, In re Louisville Underwriters, 134 U.S. 488, 493, 10 S.Ct. 587, 33 L.Ed. 991; Archawski v. Hanioti, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676; Swift & Co. Packers v. Compania etc. Caribe, supra. For example, Rule 23 of Admiralty Rules of Practice for the Courts of the United States provides that "amendments in matters of form may be made at any time, on motion to the court, as of course". The Supreme Court has refused "to hobble a legal system that has been so responsive to the practicalities of maritime commerce and so inventive in adapting its jurisdiction to the needs of that commerce". Swift & Co. Packers v. Compania etc. Caribe, supra, 339 U.S. at page 691, 70 S.Ct. at page 866.

There is no analogy here to state practice relating to state provisional remedies of attachment in actions at law as Caribbean urges. Such remedies are said to be in derogation of the common law and therefore to be strictly construed. The origin of the admiralty process of foreign attachment is quite different and different and liberal rules of construction apply.

■ The position of Caribbean here is entirely technical. There is no doubt that the funds which Esso attached were the property of the Panamanian corporation which was the owner of the Arosa Sun and which Esso named as respondent. Indeed, Esso's libel and process and Caribbean's libel and process were both directed against the Panamanian corporate entity which owned the Arosa Sun as well as the funds in the hands of Schroder. Thus Esso has brought suit against the right respondent and has attached the funds of that respondent. Its technical mistake was merely to omit the word "Panama" from the respondent's title.

This error could not have caused any confusion between the Panamanian corporation named as respondent in the Esso libel and process and the corporations known as Arosa Line (United States) Inc. and Arosa Line (Canada) Inc. There is no showing that these companies owned any of the vessels named in the libels and no suggestion that they had any interest whatsoever in the funds in Schroder's hands.

Caribbean has shown no equities in favor of honoring its subsequent attachment. Indeed, had the funds in the hands of Schroder not been blocked by Esso's prior attachment they might not have been available for attachment by Caribbean at all. It also may be noted that Caribbean itself has not avoided technical error in naming respondent for it used the plural and not the singular in respondent's title.

This is not a case where the debtor is contesting attachment (cf. The Horsa, supra, and The Bennestvet, supra) where it might be argued that the rights of a respondent over its property were being prematurely restricted. Cf. Trask v. Pelletier, D.C.S.D.N.Y., Fed.Cas. No. 14,-146. Nor is this an attempt to hold a garnishee for failing to honor an attachment. (But see Graphic Offset Corp. v. Franklin National Bank, 16 Misc.2d 382, 182 N.Y.S.2d 948, where a mere corporate misnomer without more was held insufficient to justify a garnishee under a state court attachment from failing to honor the attachment.) The case is not similar to Hamilton v. Gdynia America Line, Inc., Sup.Ct., 109 N.Y.S.2d 446, relied upon by Caribbean, where it was sought to remedy a jurisdictional defect by merely changing the title of the action.

Here Caribbean is merely seeking to enforce an attachment made by it three weeks after a valid attachment by Esso and has no rights as against Esso which it may enforce.

I hold that Esso validly attached the funds of the respondent named in its libel in the hands of Schroder and is entitled to the decree pro confesso which it has proposed directing the apportionment of the funds in Schroder's hands as garnishee among the libelants who

comprise the Esso group and the payment of such funds by the garnishee to the proctors for the libelants.

I have this day signed the proposed decree pro confesso.